law of reasonable time to repair, in other words, the law that the master is not liable for a defect in machinery unless he has actual knowledge or constructive knowledge of it, and a reasonable time to repair after he is charged with knowledge. Appellee's counsel say that the defect if any existed in August, that the master is charged with actual knowledge of it because the machine was then overhauled by its servant, therefore there is no question of a reasonable time to repair. They are in error. There was a question for the jury whether the machine was in reasonable repair after it was overhauled in August, and became defective, if at all, shortly before the injury; the fact that it worked perfectly from the time it was overhauled until the time of the injury supports this hypothesis; and on that theory of the case it was material, if the master was charged with notice at all, whether it was a sufficient time before the accident to enable it in the exercise of reasonable care to repair before the time of the injury. Therefore the law of reasonable time for repair could not be ignored in instructions to the jury.

For the errors indicated the case is reversed and remanded.

*Reversed and remanded.*

---

**Theodore H. Decker, Appellee, v. William F. Cochran et al., Appellants.**

**Gen. No. 5,743.    (Not to be reported in full.)**

Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

## Statement of the Case.

Bill filed by Theodore H. Decker against William F. Cochran and others to enforce a mechanics' lien for unpaid balance of contract price for a heating plant installed in the house of defendants by complainant. From a decree in favor of complainant for. $242.50, defendant appeals.

JOHN D. HOOD, for appellants.

MARTIN C. DECKER and ELAM L. CLARKE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 195*—*when modified contract admissible.* Contract modified after signing by the mutual consent of the parties and treated as so modified as a written contract, *held* properly admitted in evidence.

2. MECHANICS' LIENS, § 212*—*when evidence sufficient to sustain finding of compliance with contract.* Finding of master that a heating plant furnished fulfilled the purpose specified in the contract in heating the house, *held* sustained by the evidence.

---

## O. A. Lundquist, Plaintiff in Error, v. A. P. Child, Defendant in Error.

### Gen. No. 5,755. (Not to be reported in full.)

Error to the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.